**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

ROBERT G. GAINES

v.                                            NO. _____

                                              JURY DEMANDED

WESTERN EXPRESS, INC.

_____

      COMES THE PLAINTIFF, **ROBERT G. GAINES**, through counsel, filing this lawsuit against **WESTERN EXPRESS, INC.**  He shows:

## I.   THE PARTIES

**A. THE PLAINTIFF**

      1.     Robert G. ("Greg") Gaines is a citizen and resident of Oklahoma, Tennessee.

**B. THE DEFENDANT**

      2.     Defendant, Western Express, Inc., is a Tennessee employer who, at times relevant hereto, was located within the Middle District of Tennessee with a principal place of business of 7135 Centennial Place, Nashville, TN 37209.

## II. JURISDICTION AND VENUE

      3.     This Court has jurisdiction through diversity of citizenship, 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

1

4.      Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).  Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### III. FACTS

5.      Plaintiff, from Oklahoma, engages in the sport of team roping.  One risk of team roping occurs when "dallying" the rope—the action of wrapping a lasso around a saddle horn.  Getting a thumb caught between the rope and the saddle horn can cause the thumb to "pop off."

6.      This happened to Plaintiff in 2004.  While Plaintiff roped a steer, he caught his right thumb in the rope while dallying.  As the horse veered left, and the steer was roped, the rope popped off the entirety of Plaintiff's right thumb.

7.      The loss of the thumb did *not* substantially limit Plaintiff in the major life activities of driving or working.  He continued his livelihood of driving an over-the-road truck.

8.      In April of 2011, Defendant made a conditional offer of employment to Plaintiff for the position of truck driver.  This offer was conditioned upon Plaintiff's passage of a physical examination.

9.      On or about May 2, 2011, Plaintiff attended his physical with a company physician.  The physician, examining Plaintiff's missing right thumb, informed Plaintiff:  "You are not qualified to drive because you are missing a thumb.  You cannot work for Western Express."

10.     In truth and fact, Plaintiff's missing thumb does *not* disqualify him from working or driving.  Rather, Defendant has *regarded* Plaintiff as being substantially limited in these major life activities and that is the reason his offer of employment was reneged or withdrawn or not hired.

2

11.     Defendant is liable for the discriminatory judgments of the physician it retained to perform its physicals.  Those judgments were adopted and/or ratified by Defendant and/or Defendant gave the physician the authority to make employment-related hiring judgments.

12.     Defendant's actions, above in denying Plaintiff employment, have cost Plaintiff income (back pay), benefits, and caused him humiliation, embarrassment, and disappointment. Accordingly, Plaintiff seeks wage loss, benefits loss, reinstatement, compensatory damages, and his attorneys fees and costs.

## IV. CAUSE OF ACTION UNDER THE TDA

13.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-8 herein. By its actions alleged herein, Defendant discriminated against Plaintiff in violation of the Tennessee Disability Act—Tenn. Code Ann. §§ 4-21-101 et. seq. and the Tennessee Disability Act (THA), Tenn. Code Ann. §8-50-103 which, together, prohibit discrimination on the basis of a "disability."  Specifically, Defendant denied employment to Plaintiff based upon its mistaken belief that Plaintiff was too "disabled" to drive or work ("regarded as" disabled) when, in fact, he was otherwise qualified for the position in question.

## V. PRAYER FOR RELIEF

14.     WHEREFORE, the Plaintiff prays for the following relief:

A.     That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

B.     That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

C.     Any actual monetary loss sustained by the Plaintiff;

3

D.      Compensatory damages for emotional harm, suffering, humiliation, and embarrassment;

E.      Reasonable attorneys' fees;

F.      The costs and expenses of this action;

G.      Such other legal and equitable relief to which Plaintiff may be entitled; and

H.      Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC


s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

Michael L. Russell (20268)
Gilbert Russell McWherter PLC
Chesapeake Business Centre
1616 Westgate Circle, Suite 228
Brentwood, Tennessee  37027
Telephone: 615-467-6372
mrussell@gilbertfirm.com

**ATTORNEYS FOR PLAINTIFF**

4