IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT G. GAINES )
)
v. ) NO. 3-11-0452
) JUDGE CAMPBELL
WESTERN EXPRESS, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 15). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS[1]

Plaintiff alleges that Defendant violated the Tennessee Disability Act ("TDA")[2] by denying employment to Plaintiff based upon Defendant's mistaken belief that Plaintiff was too disabled to work for Defendant as a truck driver. Docket No. 1 (Complaint). Plaintiff states that, in 2004, he lost one of his thumbs while engaging in the sport of team roping. *Id.* Plaintiff contends that the loss of the thumb does not substantially limit him in the major life activities of driving or working. Nonetheless, the physician who examined Plaintiff on Defendant's behalf found Plaintiff not qualified to drive because he is missing a thumb. As a result, the offer of employment from Defendant to Plaintiff was withdrawn. *Id.*

In its pending Motion, Defendant argues that it is subject to Federal Motor Carrier Safety Regulations ("the Regulations") which require that all drivers present a medical certification that

---

[1] Neither Defendant's Statement of Undisputed Facts nor Plaintiff's Response thereto is in the form required by Local Rule 56.01(b).

[2] Tenn. Code Ann. § 8-50-103.

they are physically qualified to drive a commercial motor vehicle. Defendant asserts that the Regulations also require a physician to find a driver "medically unqualified" if the driver has suffered the loss of or impairment to an extremity which may interfere with the driver's ability to operate the commercial motor vehicle safely. In this case, the examining physician did not certify Plaintiff as physically qualified to drive. Without a proper medical certification, Defendant claims, it is prohibited by the Regulations from hiring Plaintiff.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

TENNESSEE DISABILITY ACT[3]

Tennessee law prohibits discrimination in the hiring, firing and other terms and conditions of employment against any applicant for employment based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved. Tenn. Code Ann. § 8-50-103. The TDA embodies the rights and definitions of the Tennessee Human Rights Act. Tenn. Code Ann. § 8-50-103(c)(2); *Bennett v. Nissan North America, Inc.*, 315 S.W.3d 832, 841 (Tenn. Ct. App. 2009).

The Tennessee Supreme Court has stated that the courts are neither bound by nor restricted by the federal law, but courts may look to federal law for guidance in enforcing Tennessee's anti-discrimination laws. *Bennett*, 315 S.W.3d at 841. In fact, the TDA elements are very similar to those of the Americans with Disabilities Act ("ADA") but do not include a "reasonable accommodation" component. *Id.* at 841-42; *see also Roberson v. Cendant Travel Services, Inc.*, 252 F.Supp.2d 573, 583 (M.D. Tenn. 2002).[4]

In looking to the ADA for guidance, the initial inquiry is whether Plaintiff can establish a *prima facie* case of disability discrimination. *Oates v. Chattanooga Publishing Co.*, 205 S.W.3d 418, 425 (Tenn. Ct. App. 2006). If Plaintiff establishes a *prima facie* case, the employer must articulate a legitimate, non-discriminatory reason for its adverse employment action. *Id*. If

---

[3] Defendant does not mention the elements required to demonstrate a TDA claim and, instead, states that this case is not about discrimination. To the contrary, the only claim asserted by Plaintiff in his Complaint is a Tennessee Disability Act claim.

[4] A claim brought under the TDA is analyzed under the same principles as those utilized for the ADA. *Sasser v. Quebecor Printing (USA) Corp.*, 159 S.W.3d 579, 584 (Tenn. Ct. App. 2004).

Defendant makes that articulation, then Plaintiff must show that Defendant's proffered reason for its decision is pretext for unlawful discrimination. *Id.* To establish pretext, Plaintiff can show either that Defendant was more likely than not motivated by a discriminatory reason or that Defendant's explanation is not credible. *Id*.

To demonstrate a *prima facie* claim, Tennessee courts require Plaintiff to show (1) that he was qualified for the position, (2) that he was disabled, and (3) that he suffered an adverse employment action because of that disability. *Robinson v. T-Mobile*, 663 F.Supp.2d 604, 619 (E.D. Tenn. 2009); *Oates*, 205 S.W.3d at 424.

With regard to the first element, Plaintiff maintains that, despite the loss of his thumb, he possessed a commercial driver's license and had a current medical certificate (dated February 16, 2010 and good for two years), as required by the Regulations, at the time of his application. Docket No. 23-1. Plaintiff also submits that he was authorized to drive until December 3, 2011, and had been driving a truck for Swift Transportation Company pursuant to that medical certificate. *Id*. Plaintiff testified that he has no problems driving or gripping or manipulating the steering wheel, even though he is missing a thumb. *Id*.

Defendant argues that Plaintiff was not qualified for the position, but the Court is not required to weigh the credibility of the parties' two positions at this stage of the analysis. *Equal Employment Opportunity Comm'n. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193 (10th Cir. 2000) (defendant cannot defeat a plaintiff's *prima facie* case by articulating the reasons for the adverse employment action). At the *prima facie* stage of the analysis, a plaintiff is only required to raise an inference of discrimination, not dispel the non-discriminatory reasons proffered by the defendant. *Id.*; *see also Ligon v. Triangle Pacific Corp.*, 935 F.Supp. 936, 940-41 (M.D. Tenn. 1996)

4

(noting a common thread among various circuits to refuse to consider a defendant's proffered reasons for adverse employment action in assessing the existence of a *prima facie* case).

For purposes of summary judgment, Plaintiff has raised a genuine issue of material fact as to the first element, his qualifications.

With regard to the second element, that Plaintiff be "disabled," Plaintiff has sufficiently raised a genuine issue of material fact as to whether Defendant "regarded him" as being disabled in the major life activity of driving because he had lost his thumb. Under Tennessee law, a "disability" is defined as having a physical or mental impairment that substantially limits one or more of the person's major life activities, having a record of such impairment, or being regarded as having such an impairment. Tenn. Code Ann. § 4-21-102(3)(A). Defendant does not dispute the fact that it regarded Plaintiff as disabled.

As for the third element, Plaintiff has shown that he suffered an adverse employment action by not being hired for the position. Defendant does not contest that the reason Plaintiff was not hired was his alleged disability, the loss of his thumb; instead it argues essentially that it had good reason to discriminate.

Thus, Plaintiff has established, for purposes of summary judgment, his *prima facie* claim of disability discrimination. The burden now shifts to Defendant to articulate its legitimate, non-discriminatory reason for its decision. Defendant claims, as set forth above, that it was required by the Regulations not to hire Plaintiff without a medical certificate. The Court finds that Defendant has carried its burden of setting forth a legitimate, non-discriminatory reason.

The Court must now determine whether Plaintiff has demonstrated a genuine issue of material fact as to whether Defendant's articulated reason is pretext for disability discrimination.

5

Plaintiff first argues that Defendant wrongfully required him to even have the medical exam because he held a current medical certificate at the time of his application to work for Defendant. The Regulations require, as relevant to this action, that any driver who has not been medically examined and certified as qualified to operate a commercial motor vehicle during the preceding 24 months must be medically examined and certified in accordance with the Regulations. 49 C.F.R. § 391.45 (b)(1). Defendant contends that more frequent examinations are not required, but they are also not prohibited.

If, at any time, a driver is no longer qualified to operate a motor vehicle, he is not permitted to continue driving. 49 C.F.R. § 391.11(a); *Yellow Freight System, Inc. v. Amestoy*, 736 F.Supp. 44, 45 (D. Ver. 1990). The Regulations establish minimum standards for motor carrier safety by requiring drivers to undergo a medical examination *at least* every two years. *Id*. at 45-46. Nothing therein prohibits companies from enacting safer or more stringent standards to promote safety. Thus, Plaintiff's argument that the medical examination was wrongfully required is without merit.

The Regulations provide that a person shall not drive a commercial motor vehicle unless he or she is physically qualified to drive a commercial motor vehicle in accordance with the physical qualifications and examinations section of the regulations. 49 C.F.R. § 391.11(b)(4) and 49 C.F.R. § 391.41(a)(1)(i). Accordingly, Defendant contends that it could not hire Plaintiff without a required medical certificate. The dispute here is not whether Defendant could hire Plaintiff without a medical certificate; the issue is whether the physician hired by Defendant wrongfully denied Plaintiff the required medical certificate solely because of the loss of his thumb. The Regulations do not require a physician to deny a medical certificate simply because of the loss of a thumb.

The critical question is whether Defendant's failure to hire Plaintiff resulted from an informed and considered decision, based on appropriate criteria. *Gillen v. Fallon Ambulance Service, Inc.*, 283 F.3d 11, 29 (1st Cir. 2002). For purposes of the pending Motion, the question is whether the record reveals a genuine issue of material fact as to why the physician found Plaintiff to be unqualified and why Defendant rejected Plaintiff's application for the position of truck driver. *Id*.

Plaintiff has testified that the physician did not perform any formal strength tests upon his hand or thumb. Docket No. 23-1. Plaintiff has testified that the physician merely shook Plaintiff's hand and, despite noting that Plaintiff's grip was very good, made his decision based solely on the fact that the thumb was missing. *Id*. Plaintiff has also presented evidence that, prior to applying for Defendant's job, he had already met the standards under the Regulations, passed a medical examination, obtained the required medical certificate which was good for two years, and had a commercial driver's license. *Id*. In addition, Plaintiff had been driving a truck for Swift Transportation Company. *Id*.

The Regulations state that a person is physically qualified to drive a commercial motor vehicle if, among other things, he has no loss of a foot, a leg, a hand or an arm, or, if so, has been granted a skill performance evaluation certificate. 49 C.F.R. § 391.41(3)(b)(1). Plaintiff does not have the loss of a foot, leg, hand or arm.

A person is also physically qualified to drive a commercial motor vehicle under the Regulations if he has no impairment of a hand or finger which interferes with prehension or power grasping. 49 C.F.R. § 391.41(3)(b)(2). Plaintiff has testified that the physician never tested Plaintiff to make an individualized determination as to this requirement.

7

The ADA, to which the Court may look for guidance, mandates an individualized inquiry in determining whether an employee's disability or condition disqualifies him from a particular position. *Holiday v. City of Chattanooga*, 206 F.3d 637, 643 (6th Cir. 2000). In order to properly evaluate a job applicant, the employer must conduct an individualized inquiry into the individual's actual medical condition and the impact, if any, that condition might have on the individual's ability to perform the job in question. *Id*.

To avoid liability in this sort of situation, the evidence must show that the employer understood the nature, extent, and implications of the prospective employee's particular impairment and that the employment decision reflected that understanding. *Gillen v. Fallon Ambulance Service, Inc.*, 283 F.3d 11, 29 (1st Cir. 2002). The employer must show that it made due inquiry into the applicant's impairment, sufficient to inform itself of those limitations, and that the results of that individualized inquiry furnished a reasonable foundation for the employer's belief that the applicant was unqualified. *Id.* If the employer's assumptions about an applicant's disability are unreasonable or are not based upon a good-faith assessment of that individual's capabilities and ultimately prove to be groundless, its refusal to hire will engender liability under the ADA. *Id*.

Here, as in *Holiday*, the Plaintiff has presented sufficient evidence that would allow a jury to conclude that the physician who examined him on Defendant's behalf failed to undertake such an individualized determination, but instead disqualified Plaintiff solely because of his lost thumb, with no indication that his condition actually impeded his ability to perform his job as a truck driver. *See Holiday*, 206 F.3d at 644. The physician's complete failure to investigate the physical effects, if any, of Plaintiff's loss of thumb and to support his opinion with concrete medical findings raises a genuine issue of material fact as to whether the physician's decision was a violation of the TDA.

The physician's recommendation here, as in *Holiday*, is also at odds with the objective evidence on the record. *Holiday*, 206 F.3d at 645. Plaintiff had performed the very functions that the physician deemed him unable to perform. Plaintiff explained to the physician that he was physically able to perform the tasks of a truck driver and had, in fact, been cleared by another physician to do so. Plaintiff has created a genuine issue of material fact as to whether he was qualified to perform the essential functions of the position of truck driver.

The Court finds that there are genuine issues of material fact as to whether the physician conducted a proper, individualized examination before finding that Plaintiff was not qualified and as to whether Defendant had the right to rely on this physician's unsubstantiated and non-individualized medical opinion and to treat that opinion as conclusory concerning whether Plaintiff was qualified for the job. Employers do not escape their legal obligations under disability discrimination laws by contracting out certain hiring and personnel functions to third parties. *Holiday*, 206 F.3d at 645. The ADA's prohibitions against employment discrimination expressly extend to medical examinations and inquiries, and the Supreme Court has expressly rejected the notion that an individual physician's state of mind could excuse discrimination without regard to the objective reasonableness of his actions. *Id.* (citing *Bragdon v. Abbott*, 118 S.Ct. 2196, 2210 (1998)).

## CONCLUSION

For all these reasons, there are genuine issues of material fact which must be determined by a jury, and Defendant's Motion for Summary Judgment (Docket No.15) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE